# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUINN AARON KLEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-10-603-F |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254,[1] seeking habeas relief from an order revoking a suspended sentence received in connection with a 1997 state court conviction.  United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent filed a motion to dismiss on grounds of untimeliness. [Doc. No. 8].  However, the undersigned found that several assumptions would have to be made about the date, nature, and disposition of some post-conviction activities reflected in the parties' exhibits in order to resolve the timeliness issue.  Accordingly, the undersigned directed the Respondent to supplement his motion to dismiss with an analysis of all post-conviction filings by Petitioner following the May 31, 2006 revocation, and gave

---

[1] It appears the petition should be construed as arising under 28 U.S.C. § 2241.  See Stoltz v. Sanders, Nos. 00-6188, 00-6288, 2000 WL 1730894, at *1. (10th Cir. Nov. 22, 2000) ("To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity.") (This and any other unpublished dispositions are cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1).

Petitioner an opportunity to respond. That supplement has now been filed, and Petitioner has provided a response.[2] For the following reasons, it is recommended that the petition be dismissed as untimely.

## I. BACKGROUND

By this action, Petitioner challenges the revocation of a suspended sentence received following his guilty plea to a charge of second degree burglary. Case No. CF-1996-134, District Court of Lincoln County. Petition, 2, 6, 7, 9, 11[3]; Brief in Support of Motion to Dismiss, 1 and Ex. 1, p. 3, 8. Petitioner was originally convicted on February 26, 1997, and received a seven year sentence of imprisonment which was suspended under the "rules and conditions of a suspended sentence." Brief in Support of Motion to Dismiss, Ex. 1 (Felony Docket for Lincoln County Case No. CF-1996-134, p. 3).[4] Petitioner did not move to withdraw his plea of guilty. Brief in Support of Motion to Dismiss, 2.

On October 24, 2000, the State moved to revoke Petitioner's suspended sentence. Brief in Support of Motion to Dismiss, 3. A bench warrant was issued for Petitioner's arrest

---

[2]After Respondent's supplemental brief was filed, Petitioner filed both a request for a 60 day extension of time to respond and a response. [Doc. Nos. 16, 17]. The motion for extension of time was granted in part, and Petitioner was given until December 20, 2010, to file a response. [Doc. No. 18]. Despite this extension, no additional response was filed by Petitioner. In addition, Petitioner filed a "Motion for Judgement in His Favor," in which he also addresses Respondent's claim that his petition is untimely. See Doc. No. 13. Petitioner's "Motion to Admit Info. and Exhibits" [Doc. No. 14] is hereby granted.

[3]The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

[4]Petitioner has also attached the docket sheet from his criminal case to the petition, but the undersigned has cited to the docket sheet appended to the initial motion to dismiss.

2

on May 9, 2002, and Petitioner appeared in court and was released on his own recognizance. Brief in Support of Motion to Dismiss, 3-4. On May 13, 2002, Petitioner waived his right to a revocation hearing within twenty days. Id. at 4. Another bench warrant was issued when Petitioner failed to appear on April 16, 2003. Id. Petitioner was arrested again on May 30, 2006, and a hearing was held on the motion for revocation the following day. Id. Petitioner stipulated to the motion to revoke and his seven year suspended sentence was revoked in its entirety. Brief in Support of Motion to Dismiss, 4 and Ex. 1, p. 7-8. Petitioner did not file a direct appeal from the revocation. Petition, 3; Brief in Support of Motion to Dismiss, 4. However, Petitioner alleges that he filed an application for state post-conviction relief on October 16, 2009, which was denied on November 17, 2009. Petition, 4.[5] Petitioner alleges that he unsuccessfully appealed this denial to the Oklahoma Court of Criminal Appeals. Petition, 3.

Petitioner attacks the revocation of his suspended sentence on four grounds: (1) the state district judge failed to advise him of his right to appeal during the revocation hearing, denying him the right to due process, equal protection, and effective assistance of counsel; (2) the sentence was expired at the time it was revoked; (3) he was denied the right to

---

[5] In its order of May 9, 2008, addressing Petitioner's seventh application for post-conviction relief, which was filed on April 7, 2008, the state district court lists six post-conviction applications filed by Petitioner prior to the revocation of his suspended sentence. Supplemental Brief In Support of Motion to Dismiss, Ex. 4N. Because the six prior applications are not "with respect to the pertinent judgment or claim" at issue in this action, they have no impact on the AEDPA timeliness analysis. See 28 U.S.C. 2244(d)(2). Petitioner's seventh, eighth, and ninth applications for post-conviction relief were all filed after the limitations period expired and thus, as explained infra, they have no tolling effect.

3

transcripts at public expense; and (4) counsel was ineffective for failing at the arraignment to set a court date for the revocation hearing, and when the hearing occurred, appointed counsel did not advise him of his right to appeal. Petition, 6, 7, 9, 11.

## II. DISCUSSION

### A. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsection (C) would apply to the petition, but when liberally construed, his petition arguably suggests the applicability of subsections

4

(B) and (D). However, for the reasons set forth below, the undersigned finds that § 2241(d)(1)(A) is the correct subsection for determining the commencement of the AEDPA limitations period.

The trial court pronounced its order revoking Petitioner's suspended sentence on May 31, 2006. Petition, 2. An appeal from an order revoking a suspended sentence is governed by the same procedure applicable to regular misdemeanor or felony appeals. Burnham v. State, 43 P.3d 387, 390 (Okla. Crim. App. 2002) ("A revocation appeal is therefore brought by Petition in Error, and "[t]he appropriate appeal time commences upon imposition of the order revoking suspended sentence." Rule 1.2(D)(4)."). Thus, Petitioner was required to file a Notice of Intent to Appeal and Designation of Record within ten (10) days following the date the order of revocation was announced in open court. Okla. Stat. tit. 22, Ch. 18 App. Rule 2.1(B) (filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal). Petitioner did not comply with this requirement, and so the revocation order became final when his time for seeking such review expired: June 12, 2006.[6] See Pfeil v. Everett, No. 01-8003, 9 Fed. Appx. 973, 977 (10th Cir. June 6, 2001) (when the petitioner did not file an appeal, "the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final"); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) (the one year period of

---

[6]Although the revocation was final on June 10, 2006, that date was a Saturday. See Okla. Stat. tit. 25, § 82.1(A) and (C) (any act required to be performed on a Saturday or Sunday may be performed on the next succeeding business day without any loss of rights).

5

limitations commenced the next day after conviction became final). Thus, the limitations period began to run on June 13, 2006, and expired one year later on June 13, 2007. Haws, 219 Fed. Appx. at 783. The petition herein was filed on June 7, 2010, almost three years after the limitations period expired. Petition, 1. Thus, under § 2244(d)(1)(A) the petition is untimely absent statutory or equitable tolling.

One of the reasons Petitioner gives for his untimely petition is that he only became aware that the state trial judge did not inform him of his right to appeal when the State produced a copy of the revocation hearing transcript in response to one of his filings. Petition, 14. He earlier claimed that he had been denied his right to a transcript of the revocation hearing at State expense. Petition, 9. Thus, the undersigned has also considered whether 28 U.S.C. § 2244(d)(1)(B) or (D) could be the appropriate subsections for determining the commencement date for the AEDPA limitations period. Subsection B is not applicable because "alleged inability to pay for the transcripts [does] not constitute an 'impediment to filing' an application for federal habeas relief within the meaning of § 2244(d)(1)(B)." Gauthier v. Higgins, No. 05-5138, 175 Fed. Appx. 174, 176 (10th Cir. Mar. 15, 2006). The undersigned also finds subsection D to be inappropriate for two reasons. First, Petitioner was present during the hearing on the motion for revocation, and did not need a transcript of that proceeding to discover the factual predicate of his claims that he was not informed of his right to appeal by either the state trial court or his counsel and that the revocation was improper because it was granted after the date the suspended sentence would have normally expired. Second, Petitioner is claiming that he was unaware of the *legal*

6

significance of these facts, not that he was unaware of the facts themselves. As stated by one court, this is a significant distinction when it comes to determining the proper commencement subsection:

> Although Petitioner may not have learned the legal significance of the facts until he conferred with his current counsel, knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.

Sipe v. Keith No. 09-CV-114-GKF-TLW, 2009 WL 4892598, at *2 (N.D. Okla. Dec. 15, 2009); accord Gauthier, 175 Fed.Appx. at 176 (alleged inability to pay for the transcripts did not prevent petitioner him from discovering "the factual predicate of the claim or claims presented" in his federal habeas petition, as described in § 2244(d)(1)(D)).

### B. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed *prior* to the expiration of the AEDPA limitations period toll it. Clark v. State, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations") (citing Burger v. Scott, 317 F.3d 1133, 1136-37 (10th Cir.2003)). In his petition, Petitioner only

7

refers to one post-conviction application filed after the revocation of his suspended sentence, which was begun in the state district court on October 16, 2009, and denied on November 17, 2009. See Petition, 4, 7,8, 10, 11.[7] Assuming that this post-conviction application was properly filed, it did not serve to toll the running of the AEDPA limitations period because it was not filed until over two years after the AEDPA limitation period had ended. Clark, 468 F.3d at 714.

Although Petitioner does not allege any other tolling events, he did attach to his petition a copy of the state district court docket sheet for Case No. CF-1996-134 [Doc. No. 1-9, p. 1-7] and a Petition in Error filed on April 28, 2010, which purports to list all post trial motions filed in his case. [Doc. No. 1-11, p. 2-3]. The undersigned carefully reviewed both of these attachments for the purpose of determining whether there were any other motions or applications which might be statutory tolling events. Furthermore, as noted above, the undersigned directed the parties to provide additional details regarding the events referenced in the exhibits submitted by Petitioner.

The state court docket sheet shows that on September 7, 2006, Petitioner filed a motion called "Defendant's Motion to Dismiss Detainer at Institution." Brief in Support of Motion to Dismiss, Ex. 1, p. 8; Supplemental Brief in Support of Motion to Dismiss, Ex. 1. By this motion, Petitioner notes his recent conviction on the revocation matter and requests the state district court to remove a detainer lodged at the Federal Correctional Institution in

---

[7]As noted in note 5 supra, Petitioner also filed two other applications for post-conviction relief, but the earliest was filed on April 7, 2008, and thus none of these applications had any tolling effect as the limitations period had already expired.

Texarkana, Texas, where he was then incarcerated. Id. Although Petitioner refers to his recent sentence in the revocation proceeding, he does not challenge any aspect of it. Id. Instead, he notes that a detainer pursuant to his criminal case from the District Court of Oklahoma County – in which he was serving a concurrent sentence – had already been removed, and asks that the same be done in his Lincoln County case. As this filing was not an application for "review with respect to the pertinent judgment or claim," it is not a statutory tolling event.

The next docket entry of note is one specifically referenced in the undersigned's order to supplement. On April 20, 2007, the docket sheet has an entry entitled "Defendant's Motion for Nunc Pro Tunc Denied." Motion to Dismiss, Ex. 1, p. 8. However, there is not any motion nunc pro tunc appearing on the docket report. See Motion to Dismiss, Ex. 1; Supplemental Brief in Support of Motion to Dismiss, Ex. 2. As will be explained below, it appears that the actual motion being denied was Petitioner's April 20, 2007, "Motion for Transcripts[8] at Public Expense." Respondent has submitted a copy of the motion with his supplemental brief. Supplemental Brief in Support of Motion to Dismiss, Ex. 3a.

Attached to the motion for transcripts are two letters written by Petitioner to Jeremiah Hagemeier, assistant district attorney in Lincoln County. Supplemental Brief in Support of Motion to Dismiss, Ex. 3a. In these letters, Petitioner complains that he was not given credit for time served on his federal sentence. Id. at Ex. 3a, p. 3. His argument appears to be that

---

[8]Motions or applications regarding transcripts are not statutory tolling events. May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003).

9

his revocation sentence was to be served concurrently with a sentence from a criminal conviction out of Oklahoma County, and because he was given credit for time spent in federal custody on his Oklahoma County conviction he should be entitled to the same credit on the sentence out of Lincoln County. Id. He also adds that his probation had already expired when his sentence was revoked, and that he is thus illegally held.

The district attorney's response to this motion, filed the same day, is entitled "Response to Defendant's Motion Nunc Pro Tunc and State's Motion for Sanctions." Supplemental Brief in Support of Motion to Dismiss, Ex. 3b. Thus, although there is no "motion for nunc pro tunc" appearing on the docket sheet, it is apparent that the docket notation denying "motion nunc pro tunc" refers to Petitioner's April 20, 2007 motion for transcripts and attached letters to the prosecutor regarding his sentence.

Respondent claims that the motion nunc pro tunc is not a tolling event because a request for sentence credits for time served in federal prison is not a challenge to the Lincoln County revocation conviction. Supplemental Brief in Support of Motion to Dismiss, 4. Respondent argues that even if the motion is considered to be a tolling event, the instant action is still untimely. Id. Respondent argues that because Petitioner's appeal from the order denying his "motion nunc pro tunc" was not properly filed, he is only entitled to the three days[9] his motion was pending, and the 30 days in which he could have timely filed his

---

[9]The docket sheet shows that the motion was filed and denied on the same day, and that the minute entry reflecting the denial was filed three days later on April 23, 2007. See Supplemental Brief in Support of Motion to Dismiss, Ex. 3c. The Oklahoma Court of Criminal Appeals, in its order denying Petitioner's petition for writ of mandamus, states that "the District Court's order denying relief was filed on April 23, 2007. Id. at Ex. 4b. The undersigned has given Petitioner the

10

appeal.

The undersigned agrees. Assuming without deciding that the "motion nunc pro tunc" was a tolling event, the petition herein is untimely. Petitioner's so-called motion nunc pro tunc was filed on April 20, 2007, with 54 days left in the AEDPA limitations period. Although he did not timely appeal the denial of his motion, he is entitled to statutory tolling for the 30 days in which he could have appealed. Gibson v. Klinger, 232 F.3d 799, 802, 804 (10th Cir. 2000). The limitations period thus began to run again on May 23, 2007, after the motion was denied and Petitioner's time to file an appeal had passed, and it expired on July 16, 2007.

Petitioner is not entitled to statutory tolling for his untimely and improper attempt to appeal from this denial through an application for a writ of mandamus filed in the Oklahoma Court of Criminal Appeals on August 13, 2007. Although tolling should encompass all of the time during which a state prisoner is attempting, through *proper* use of state court procedures to exhaust state court remedies with regard to a particular post-conviction application, Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000), the order of the Oklahoma Court of Criminal Appeals specifically states that Petitioner did not properly invoke its jurisdiction and that an appeal out of time must instead be sought through an application for post-conviction relief filed in the district court. Supplemental Brief in Support of Motion to Dismiss, Ex. 4b, p. 1 n. 1.

Although there are various other subsequent filings, there are no other applications

---

benefit of any doubt, and so accords three days tolling for the motion nunc pro tunc.

for post-conviction or collateral review filed before the AEDPA limitations period expired. Thus, this action was filed almost three years after the AEDPA limitations period expired, and is untimely in the absence of equitable tolling.

### C. EQUITABLE TOLLING

The limitations period may also be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

In his explanation for filing this petition after the limitations period had expired, Petitioner claims three things: ignorance of the law, lack of legal assistance, and his allegation that he was unaware that he had not been advised of his right to appeal until receipt of the transcript from the revocation hearing. Petition, 14. The undersigned finds that these are not extraordinary circumstances justifying the application of equitable tolling. First, as noted above, Petitioner claims to have been unaware that the trial court or his counsel failed to inform him of any right to appeal until he received a transcript of the hearing on the motion to revoke. However, as Petitioner was present, he was obviously aware of this fact on the date of the hearing. Furthermore, it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse

prompt filing." Marsh v. Soares 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999)).

Even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, it is clear from the petition and the materials attached to it that Petitioner has been anything but diligent in his pursuit of his state and federal claims. In light of this significant delay, equitable tolling is not appropriate.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 8] be granted and the petition be dismissed as untimely. In light of this recommendation, Petitioner's Motion for Judgment in His Favor [Doc. No. 13] should be denied. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 28, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Dated this 8th day of February, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE